**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JASON ASWELL, individually and on behalf of himself and all others similarly situated** | * | **CIVIL ACTION NO.** |
| ***Plaintiff*** | * | **JUDGE:** |
| **v.** | * | |
| **BAYOU TITLE, INC.** | * | **MAGISTRATE:** |
| ***Defendant*** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** Defendant Bayou Title, Inc., which respectfully removes to this Court the state court action titled *Jason Aswell, individually on behalf of himself and all others similarly situated v. Bayou Title, Inc.*, Case No. 875-442, filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b). In support of this Notice of Removal, Defendant respectfully avers:

## I. BACKGROUND

1. On May 1, 2026, Plaintiff Jason Aswell filed a Class Action Petition for Damages ("Petition") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendant agreed to waive and accept service effective July 2, 2026. A copy of the Petition is attached hereto as Exhibit A to this Notice.[1]

2. According to the Petition, Plaintiff is a citizen and resident of Bastrop, Louisiana.[2]

---

[1] The Petition is substantially similar to the petition filed by the plaintiff in *Leskisher Luckett, individually and on behalf of herself and all others similarly situated v. Bayou Title, Inc.*, Case No. 2:26-cv-01296-BSL-DPC, which was removed to this Honorable Court on June 17, 2026.

[2] Exhibit A, Petition for Damages ¶ 20.

3. Defendant is a Louisiana corporation that maintains its principal place of business at 1700 Belle Chasse Highway, Suite A200, Gretna, Louisiana 70056.[3]

4. In the Petition, Plaintiff alleges that on or about April 29, 2026, Defendant experienced a Data Breach in which an unauthorized third-party gained access to its IT Network and extracted files containing sensitive Private Information.[4] Plaintiff further alleges the notorious ransomware group "Aurora" has claimed responsibility for the attack, and the following types of Private Information were compromised: name, Social Security number, address, contact information, and financial information ("Data Breach").[5]

5. Plaintiff alleges that Defendant failed to use reasonable security procedures and practices to protect Plaintiff's and Class Members' Private Information and failed to provide timely notice of the Data Breach.[6]

6. Plaintiff seeks to represent a putative nationwide class consisting of "[a]ll persons whose Private Information was actually or potentially accessed or acquired during the Data Breach."[7]

7. Plaintiff asserts causes of action for: (1) negligence, (2) negligence per se, (3) violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401, *et seq.*, (4) violations of La. Rev. Stat. § 51:3074, and (5) breach of implied contract.[8]

8. Plaintiff seeks to recover on behalf of himself and the putative class, actual, consequential, and nominal damages, treble damages for knowing violations of the Louisiana Consumer Protection Law, attorneys' fees, costs, litigation expenses, and prejudgment interest.[9]

---

[3] *Id*. at ¶ 21.
[4] *Id*. at ¶¶ 4, 29.
[5] *Id*. at ¶¶ 30-31.
[6] *Id*. at ¶¶ 7-8, 32.
[7] *Id*. at ¶ 120.
[8] *See id*. at ¶¶ 136-209.
[9] *Id*. at ¶ Prayer for Relief (A-G).

9. Plaintiff also seeks equitable and injunctive relief enjoining Bayou Title from engaging in wrongful conduct pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and compelling Bayou Title to utilize appropriate methods and policies with respect to data collection, storage, and safety.[10]

10. Defendant has not filed a responsive pleading or otherwise responded to the Petition in the state court action.

11. This Notice of Removal is timely because it has been filed within thirty (30) days of July 2, 2026, the date upon which Defendant agreed to waive and accept service of the Petition.

12. Removal to this Court is proper because it is the "district . . . embracing the place" in which the state court action is pending.[11]

## II. GROUNDS FOR REMOVAL

13. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this matter involves a putative class action, and: (1) a member of the class of plaintiffs is a citizen of a state different from Defendant ("minimum diversity"); (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs.[12]

14. Bayou Title is a Louisiana corporation with its principal place of business in Louisiana.[13] Plaintiff Jason Aswell is citizen and resident of Bastrop, Louisiana.[14] However, Plaintiff alleges that he "brings this ***nationwide*** class action on behalf of himself and on behalf of others similarly situated."[15] Plaintiff seeks to represent a class of "[a]ll persons whose Private

---

[10] *Id.* at ¶ Prayer for Relief (B-C).
[11] *See* 28 U.S.C. § 1441(a).
[12] *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).
[13] Exhibit A, Petition for Damages ¶ 21.
[14] *Id.* at ¶ 20.
[15] *Id.* at ¶ 119 (emphasis added).

Information was actually or potentially accessed or acquired during the Data Breach."[16] Because Bayou Title provides title insurance and real estate closing services and maintains customer and employee data that includes individuals residing in states other than Louisiana, the proposed class necessarily includes citizens of states other than Louisiana. Notably, in a related action[17] filed on May 8, 2026, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Defendant and arising from the same Data Breach, the named plaintiff, a citizen of Mississippi, asserts claims as a member of the same putative nationwide class.[18] Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" Defendant.[19]

15. The proposed class consists of 100 or more individuals. According to the Petition, the Data Breach compromised the Private Information of thousands of individuals whose Private Information may have been improperly accessed in the Data Breach.[20]

16. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Although Plaintiff does not allege a specific amount in controversy in the Petition, based on the class size thousands of individuals, the causes of action asserted, and the request for actual, consequential, and nominal damages, including damages for purchasing credit monitoring and

---

[16] *Id*. at ¶ 120.

[17] Exhibit B, *Julie Hunger Johnson, on behalf of herself and all others similarly situated v. Bayou Title, Inc.*, Case No. 875655, Division H, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The *Hunger Johnson* case was removed to this Honorable Court on June 18, 2026, Case No. 2:26-cv-01313-BSL-MBN.

[18] The inclusion of a Mississippi citizen in the putative class further demonstrates that CAFA's minimal-diversity requirement is satisfied, as at least one member of the proposed class is a citizen of a state different from at least one defendant.

[19] *See* 28 U.S.C. § 1332(d)(2); *see also Broyles v. Cantor Fitzgerald & Co.*, No. CIV.A. 10-854-JJB, 2011 WL 4737197, at *7 (M.D. La. Sept. 14, 2011), report and recommendation adopted, No. CIV.A. 10-854-JJB, 2011 WL 4729840 (M.D. La. Oct. 5, 2011) (where the court found minimal diversity based on the plaintiff's own allegations that the proposed class was "not limited to citizens of Louisiana" and that "at least 1/3" of class members lived in Louisiana, reasoning that the "only reasonable inference" was that the remaining class members resided in other states and therefore concluding that the defendant had established minimal diversity by reference to the petition's allegations).

[20] Exhibit A, Petition for Damages ¶ 123.

identity theft prevention, treble damages under the Louisiana Consumer Protection Law, injunctive relief (including a comprehensive security overhaul and SOC 2 Type 2 attestations for a period of 10 years), and attorneys' fees, the amount in controversy exceeds $5,000,000 in the aggregate.[21]

17. Upon filing this Notice of Removal, Defendant will file a copy thereof with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and will give written notice to Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

18. Pursuant to 28 U.S.C. § 1446(a), Defendant is attaching a copy of all process, pleadings, and orders served upon it in this action as Exhibit D.

**WHEREFORE**, Defendant Bayou Title, Inc. removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court.

Respectfully submitted,

**ADAMS & REESE, LLP**

*/s/ Gerard J. Gaudet*

**GERARD J. GAUDET (#35139)**
**TAYLOR P. SMITH (#41421)**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
E-Mail: gerard.gaudet@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendant, Bayou Title, Inc.*

[21] *See Castillo v. Berry Bros Gen. Contractors Inc.*, No. 6:24-CV-01723, 2025 WL 1062091, at *2 (W.D. La. Apr. 8, 2025) (finding CAFA's $5 million amount-in-controversy requirement satisfied where the cost of providing ten years of credit monitoring to approximately 6,210 affected individuals exceeded $22 million); *see also* Exhibit A, Petition for Damages ¶¶ Prayer for Relief, 117, 123, and 191.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal has been delivered to all counsel of record by electronic mail and U.S. Mail, postage prepaid, today, this 6th day of July, 2026.

*/s/ Gerard J. Gaudet*
**GERARD J. GAUDET**